UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>NICHOLAS A. BOULAS,<br><br>Defendant. | *<br>*<br>*<br>*<br>*<br>*  Criminal Action No. 17-cr-10351-ADB<br>*<br>*<br>*<br>* |

**MEMORANDUM AND ORDER ON DEFENDANT'S EMERGENCY MOTION TO CONVERT OR RECLASSIFY SENTENCE**

BURROUGHS, D.J.

Currently pending before the Court is Nicholas A. Boulas' ("Defendant") motion to convert or reclassify his sentence to home confinement. [ECF No. 137]. For the reasons set forth below, the motion, [ECF No. 137], is DENIED.

**I.    BACKGROUND**

On November 8, 2017, a grand jury returned a twenty-two-count indictment against Defendant, charging him with: one count of corruptly endeavoring to obstruct the Internal Revenue Service in violation of 26 U.S.C. § 7212(a) (Count One); four counts of aiding and assisting in the preparation and presentation of false corporate tax returns in violation of 26 U.S.C. § 7206(2) (Counts Two through Five); four counts of aiding and assisting in the preparation and presentation of false individual tax returns in violation of 26 U.S.C. § 7206(2) (Counts Six through Nine); eight counts of aiding and assisting in the preparation and presentation of false employment tax returns in violation of 26 U.S.C. § 7206(2) (Counts Ten through Seventeen); four counts of tax evasion in violation of 26 U.S.C. § 7201 (Counts

Eighteen through Twenty-One); and one count of structuring to evade currency transaction reports in violation of 31 U.S.C. §§ 5324(a)(3) and 5324(d) and 31 C.F.R. §§ 1010.100, 1010.311, and 1010.313 (Count Twenty-Two).  [ECF No. 1].

On August 17, 2018, Defendant moved to dismiss eighteen of the twenty-two charges against him under Federal Rule of Criminal Procedure 12(b), [ECF No. 56], which the Court denied, [ECF No. 89].  On January 2, 2019, Defendant pled guilty to one count of tax evasion in violation of 26 U.S.C. § 7201.  [ECF No. 95].  On January 23, 2020, the Court imposed a below-guidelines sentence of six months in the custody of the Bureau of Prisons followed by one year of supervised release with conditions, a fine of $100,000.00 due within thirty days, a special assessment in the amount of $100.00, and restitution in the amount of $1,483,260.00 due within forty-eight hours.  [ECF Nos. 129, 130, 134, 135].  Although originally scheduled for a self-surrender date of March 5, 2020, [ECF No. 134], the Court later granted Defendant's unopposed motion to delay his self-surrender date to September 8, 2020, [ECF No. 136].  On August 17, 2020, Defendant filed the instant motion to convert or reclassify his sentence, [ECF No. 137], which the Government opposed, [ECF No. 138].

**II.    LEGAL STANDARD**

Although Defendant has not yet reported to the Bureau of Prisons ("BOP"), he seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A).  Previously, incarcerated defendants could only seek compassionate release through the BOP.  The First Step Act of 2018, however, amended that provision to allow prisoners to seek relief directly from the courts once they have exhausted their administrative remedies.

Section 3582(c)(1)(A) provides that

> [t]he Court may not modify a term of imprisonment once it has been imposed except that . . . in any case . . . the [C]ourt, upon motion of the Director of the

> Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that . . . (i) *extraordinary and compelling reasons* warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A) (emphasis added).

Section 1B1.13 of the Sentencing Guidelines further explains that the Court may reduce a defendant's sentence if, after considering the factors in 18 U.S.C. § 3553(a), the Court determines that

> (1)(A) Extraordinary and compelling reasons warrant the reduction; . . .
> (2) The defendant is not a danger to the safety of any other person or to the community, . . . ; and
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

A defendant has the burden of proving that he is entitled to relief under 18 U.S.C. § 3582. United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease."). To meet this burden, he must satisfy three requirements. First, he must show that "extraordinary and compelling reasons" warrant the release; second, he must show that release is consistent with the Sentencing Commission's policy, which requires showing that "he is not a danger to the safety of any other person or the community;" finally, he must show that the sentencing factors in 18 U.S.C. § 3553(a) justify release. United States v. Jackson, No. 19-cr-00347, 2020 WL 3402391, at *4 (D.D.C. June 19, 2020).

As the Government notes in its opposition, it is not clear that Defendant, who is not yet in custody, is eligible for release under 18 U.S.C. § 3582(c)(1)(A). [ECF No. 138 at 10–11].

3

Defendant wrote to the acting warden for FMC Devens, where he has been assigned to serve his term of incarceration, asking for a modification of his sentence to home confinement, [ECF No. 137-1], and the acting warden responded by saying that Defendant would be reviewed for home confinement once he was in custody, [ECF No. 137-2].

The Court will assume for the purposes of this motion that Defendant is eligible for release under the statute and that he has exhausted his administrative remedies.

### III.    DISCUSSION

Defendant argues that, due to the COVID-19 pandemic and his underlying health conditions, reporting to FMC Devens to serve his sentence will place him at risk of contracting the virus. [ECF No. 137 at 1]. Defendant, 48 years old, has hypertension and high cholesterol, for which he is currently taking medication. [Id. at 7]. Defendant does not state that his health conditions are not being managed by these medications or that he is not otherwise healthy. See [id.]. As the Government notes, Defendant has run marathons and has a physical job that requires him to stand, which further suggests that he is in good health. [ECF No. 138 at 14].

The Sentencing Guidelines recognize that compassionate release due to extraordinary and compelling reasons may be appropriate in cases where, for example, a defendant has a debilitating medical condition, such as a "terminal illness" or a "serious physical or medical condition." U.S.S.G. § 1B.13 cmt. n.1(A). Defendant's health conditions, which are being managed with medication and are common among many Americans, do not rise to the level of a debilitating illness or serious medical condition as contemplated by § 1B.13. See id. FMC Devens appears to be taking appropriate precautions to protect the health of its inmates, [ECF No. 138 at 3–7], and its current number of confirmed cases among staff and inmates (one

infected inmate out of nearly 900 and two infected staff members) reflects this, [id. at 7]; BOP, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited Aug. 28, 2020).

The Court heard several hours of oral argument from both parties at Defendant's sentencing and imposed a sentence that was appropriate under 18 U.S.C. § 3553(a) and other relevant considerations.  See [ECF Nos. 129, 130, 134, 135].  The Court therefore concurs with a recent order from Judge Gorton that, "[t]he COVID-19 pandemic is an unprecedented and continually evolving cause of concern and the Court is cognizant of the particular transmission risk in penitentiary facilities. . . .  [N]otwithstanding the current public health crisis, this federal judge will not forfeit [her] obligation to impose a sentence that is warranted by a defendant's criminal conduct."  United States v. Sidoo, No. 19-cv-10080, 2020 U.S. Dist. LEXIS 76458, at *6 (D. Mass. Apr. 30, 2020).  Defendant's motion, [ECF No. 137], is therefore DENIED.

## IV.  CONCLUSION

Because the Court finds, even assuming that § 3582(c)(1)(A) were applicable, that Defendant has failed to meet his burden of demonstrating that "extraordinary and compelling reasons" support compassionate release, see Jackson, 2020 WL 3402391, at *4, his motion to convert or reclassify his sentence, [ECF No. 137], is DENIED.

**SO ORDERED.**

August 28, 2020                                             /s/ Allison D. Burroughs
                                                            ALLISON D. BURROUGHS
                                                            U.S. DISTRICT JUDGE